# EXHIBIT A

Electronically Filed
8/14/2023 8:14 AM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
Christian Gabroy
(#8805)
Kaine Messer
(#14240)
GABROY | MESSER
170 South Green Valley Parkway
Suite 280
Henderson, Nevada 89012
Tel: (702) 259-7777
Fax: (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com
*Attorneys for Plaintiff*

CASE NO: A-23-875823-C
Department 19

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| DANIELLE DECOLLIBUS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RUBUS MANAGEMENT LLC; EMPLOYEE(S)/AGENT(S) DOES 1-10; and ROE CORPORATIONS 11-20; inclusive,<br><br>Defendants. | Case No:<br>Dept.:<br><br>**PLAINTIFF'S COMPLAINT AND JURY DEMAND**<br><br>**Arbitration Exemption Claimed: Class Action**<br><br>COLLECTIVE AND CLASS ACTION PURSUANT TO 29 U.S.C. § 216(b) AND NEV. R. CIV. P. 23 |

**PLAINTIFF'S COMPLAINT**

Plaintiff Danielle Decollibus ("Plaintiff"), for herself and all others similarly situated, alleges as follows for her Complaint against Rubus Management LLC ("Defendant" or "Rubus"):

**NATURE OF THE PLAINTIFF'S CLAIMS**

1. Plaintiff brings this collective and class action Complaint, pursuant to the Fair Labor Standards Act, ("FLSA") 29 U.S.C. § 216(b) and Rule 23 of the Nevada Rules of Civil Procedure ("NRCP"), to recover tips unlawfully withheld and misappropriated by Defendant while Plaintiff and similarly situated employees previously worked at or are working as crew members for Defendant.

2. As set forth in detail below, Defendant paid crew members working an hourly wage. These crew members also received gratuities or tips from customers.

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

These crew members who received such gratuities and tips will be referenced as "Tipped Employees."

3. The Tipped Employees regularly and customarily received gratuities, compensation, and/or monies as "tips" independent of their hourly wages.

4. As used herein, the term "tips" means gratuities, compensation, and/or monies received by the Tipped Employees from customers or patrons of Defendant.

5. Tips were earned as a regular part of the Tipped Employees providing of services to customers.

6. Defendant engaged in unlawful tip pooling, tip sharing arrangements, and management misappropriation of tips taken from the Tipped Employees, which included requiring Tipped Employees to share a percentage or portion of their tips with management.

7. As a result of this unlawful mandatory tip pooling and tip confiscation system Defendant wrongfully obtained, and Tipped Employees were wrongfully deprived, of tips given to Tipped Employees by customers and unlawfully taken from them by way of Defendant's unlawful tip pooling and tip transferring policies and practices.

8. The action of Defendant in wrongfully obtaining and depriving Tipped Employees of earned tips has the same net effect as a deduction of the Tipped Employee's wages, and amounts to unlawful conversion of Tipped Employees money and property in violation of law.

9. Tipped Employees are entitled to a refund of all tips wrongfully taken from them by Defendant, together with liquidated damages, attorneys' fees and costs.

## JURISDICTION AND VENUE

10. Plaintiff re-alleges and incorporates by this reference each and every preceding allegation in this Complaint, as if the same were fully set forth herein.

11. This Court has jurisdiction over actions arising under the Constitution, laws, or treaties of the United States, including, without limitation, the FLSA, 29 U.S.C. §§ 201,

*et seq.*, as well as implementing regulations of the United States Department of Labor.

12. This Court has jurisdiction pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) which provides that an action based on these provisions "may be maintained against any employer…in any federal or state court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."

13. This Court has jurisdiction over actions under the common law of Nevada for Plaintiff's Claims of Conversion and Unjust Enrichment.

14. Venue is proper in this Court because Plaintiff resides in Clark County, worked for Defendant in Clark County where the acts complained of occurred, and Defendant regularly conducts business in Clark County.

15. Plaintiff and members of her class herein demand a jury trial on all issues triable by jury.

**PARTIES**

16. Plaintiff re-alleges and incorporates by this reference each and every preceding allegation in this Complaint, as if the same were fully set forth herein.

17. Plaintiff Danielle Decollibus is a citizen of the United States and a resident in the State of Nevada and at all relevant times was domiciled in Clark County, Nevada.

18. During the time period relevant to this Complaint, Plaintiff Danielle Decollibus was employed by Defendant as a crew member.

19. Plaintiff was subject to the complained-of tip pool and unlawful tip confiscation by management in that a portion of her tips was regularly and routinely and unlawfully withheld by Defendant, and shared with management, as alleged herein.

20. Defendant Rubus Management LLC is a domestic limited-liability company organized and existing under the laws of the State of Nevada, with its primary place of business in Clark County, Nevada.

21. During all times relevant to this Complaint, Defendant was doing business in Clark County, Nevada.

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

22. DOE DEFENDANTS 1-10, inclusive, are persons and ROE DEFENDANTS 11-20, inclusive, are corporations or business entities (collectively referred to as "DOE/ROE DEFENDANTS"), whose true identities are unknown to Plaintiff at this time. These ROE CORPORATIONS may be parent companies, subsidiary companies, owners, predecessor or successor entities, or business advisors, de facto partners, Plaintiff's employer, or joint venturers of Defendants. Individual DOE DEFENDANTS are persons acting on behalf of or at the direction of any Defendant or who may be officers, employees, or agents of Defendant and/or a ROE CORPORATION or a related business entity. These DOE/ROE DEFENDANTS were Plaintiff's employer(s) and are liable for Plaintiff's damages alleged herein for their unlawful employment actions/omissions. Plaintiff will seek leave to amend this Complaint as soon as the true identities of DOE/ROE DEFENDANTS are revealed to Plaintiff.

23. Based on information and belief, at all relevant times, Defendants were the partners, joint ventures, agents, co-conspirators, servants, and employees of each of the other Defendants herein, and were acting at all relevant times within the scope, purpose and authority of said partnership, joint venture, agency, service, employment, and conspiracy, and with the knowledge, consent, permission, acquiescence, and ratification of their co-defendants.

24. At all times relevant, Defendant(s) were managing employee(s) and agent(s) of Defendants.

25. Defendants had custody and/or control over Plaintiff's and her employment and were responsible for Plaintiff's labor and employment matters, including policies and procedures regarding or relating to tips earned by the Plaintiff, as well as the Plaintiff's wages, and other related polices.

26. Plaintiff does not know the true names or capacities of Defendants sued herein as Does 1-10 or Roe Corporations 11-20 inclusive and will seek leave to amend this Complaint to correctly designate those parties as soon as their correct names and capacities are ascertained.

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

27. Plaintiff and members of her class are informed and believe and thereupon allege that each of said Defendants were in some manner legally responsible for the unlawful actions set forth herein and acting as Plaintiff and members of the class's employer.

28. All allegations repeated herein against the Defendants are made with equal force against Roe Corporations.

## GENERAL ALLEGATIONS

29. Plaintiff re-alleges and incorporates by this reference each and every preceding allegation in this Complaint, as if the same were fully set forth herein.

30. At all times relevant to this action, Plaintiff and similarly situated Tipped Employees were required by Defendant to share a percentage or portion of their tips with management.

31. Such members of management's primary duties consisted of managing Defendant's enterprise.

32. Such members of management customarily and regularly directed the work of at least two or more other full-time employees or their equivalent.

33. Specifically, such members of management would regularly direct, manage, and/or supervise the work of crew members during their assigned shift.

34. Such members of management's suggestions and recommendations as to the hiring or firing of employees were given particular weight by Defendant.

35. Defendant through its management personnel retained and utilized a portion of the Tipped Employees' tips for general business purposes, and for their own financial benefit, including the compensation of such members of management.

36. Retaining tips by management for general business purposes or to pay hourly wages of other employees or for the personal aggrandizement of management personnel does not constitute a valid tip sharing or pooling agreement under the Department of Labor's regulations and federal and state law.

37. Implementing regulations promulgated by the United States Department of

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

Labor prohibit the creation of any tip pool that violates Section 203(m). *See* 29 C.F.R. § 531.52; § 531.54 and § 531.55.

38. Because Plaintiff and other Tipped Employees were forced, as a condition of their employment with Defendant, to pay or otherwise give a portion or percentage of their tips to Defendant's management personnel and to employees who were not and are not regularly and customarily tipped, Defendant's tip pooling and tip confiscation policy was and is unlawful.

39. As a result of Defendant's unlawful tip confiscation and pooling policies, Plaintiff and other similarly situated Tipped Employees were deprived of wages, compensation, gratuities, and/or monies for their services since tips are the property of the employee who earns them and not of management.

40. Plaintiff and other similarly situated Tipped Employees are entitled to the actual amount of tips they earned rather than the amount they were left with after implementation of Defendant's mandatory tip pooling and tip confiscation policies and practices.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff re-alleges and incorporates by this reference each and every preceding allegation in this Complaint, as if the same were fully set forth herein.

42. Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

43. Individuals similarly situated to Plaintiff include all Tipped Employees working for Defendant at any time during the three years preceding the filing of the Complaint, where a portion of their tips were subject to mandatory pooling and confiscation by the management, executives, and/or supervisors of Defendant.

44. Defendant's policies and practices of mandatory tip pooling and payment of a portion of those tips to Defendant was the customary and usual policy and practice of Defendant and applied to all putative collective class members who are or were crew members employed by Defendant.

45. These similarly situated individuals which pursuant to Plaintiff's information and belief collectively are numerous that individual joinder is impractical.

46. The identities of all putative collective class members are within the knowledge of, and can be ascertained by reference to, Defendant's records.

47. Each and every other similarly situated individual employed by Defendant has suffered the same wrongdoing, and the factual and legal basis for the claims of Plaintiff and similarly situated Tipped Employees are similar such that their claims should be heard in one action.

48. As provided by the Fair Labor Standards Act Section 16(b), Plaintiff brings her tip pooling claims as a collective action and will seek an order providing that Notice be sent to all putative members of the collective class providing them with notice of the pendency regarding this action and an opportunity to submit a consent to join other similarly situated employees in pursuing the relief sought by this Complaint.

## CLASS ACTION ALLEGATIONS

49. Plaintiff re-alleges and incorporates by this reference each and every preceding allegation in this Complaint, as if the same were fully set forth herein.

50. Plaintiff also brings claims for Conversion and Unjust Enrichment on behalf of herself and a class of all other similarly situated Tipped Employees, pursuant to common law of Nevada, Nevada state law, and Rule 23 of the Nevada Rules of Civil Procedure.

51. The proposed Rule 23 class is defined as all Tipped Employees working for Defendant at any time during the three years preceding the filing of this Complaint, from whom tips were taken and transferred to management personnel and other non-tipped personnel, and thus withheld or otherwise confiscated by Defendant from Tipped Employees.

52. The members of the Class are so numerous that joinder is impractical and the interests of justice require these claims be litigated on a class basis.

53. Plaintiff's claims are typical of the claims of the Class because Defendant

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

confiscated or interfered with tips properly due to Plaintiff and members of their Class.

54. Plaintiff, like all putative Class members, has been damaged by Defendant's misconduct in that she has been, and will continue to be, deprived of tips, property and wages by Defendant's unlawful tip pooling and tip confiscation policies.

55. The factual basis of Defendant's misconduct is common to all Class members, including Plaintiff, and represents a common thread of an unlawful policy and practice resulting in the similar injuries and damages sustained by all members of the Class.

56. There are numerous questions of law and fact common to the Class, and those common questions predominate over any questions affecting only individual Class members.

57. Among the questions of law and fact common to the Class are whether Defendant:

(a) unlawfully permitted management, supervisors, and/or other employees who do not customarily and regularly receive tips to participate in the mandatory tip pooling and tip confiscation practices;

(b) improperly interfered with the Class members' tips;

(c) unlawfully retained portions of the Class members' tips; and,

(d) implemented and executed unlawful tip policies and practices.

58. Plaintiff suffered the harm alleged herein, has no interests antagonistic to the interests of any other Class member, is committed to the vigorous prosecution of this action, and has retained competent and experienced counsel.

59. Plaintiff and her counsel are adequate representatives and will fairly and adequately protect the interests of the Class.

60. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since the amount of each individual Class member's claim is small relative to the complexity of the litigation.

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

61. Due to the financial resources of Defendant, no Class member could realistically afford to seek legal redress individually for the class claims alleged herein.

62. Absent a class action, the Class members will continue to suffer losses, and Defendant's misconduct will proceed without remedy.

63. Even if Class members themselves could afford individual litigation, this Court may become immersed in numerous lawsuits with substantially similar facts and legal issues with relatively nominal damages.

64. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties.

65. Individualized litigation would also create the potential for inconsistent or contradictory rulings.

66. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication and comprehensive supervision by a single court.

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

## FIRST CLAIM FOR RELIEF
## 29 U.S.C. § 203 *et seq.*, VIOLATION OF THE FAIR LABOR STANDARDS ACT - UNLAWFUL CONFISCATION OF TIPS

67. Plaintiff re-alleges and incorporate by this reference each and every preceding allegation in this Complaint, as if the same were fully set forth herein.

68. Plaintiff has consented in writing to become a party plaintiff in this lawsuit.

69. Plaintiff's written consent thereto is attached as Exhibit I to this Complaint and incorporated herein by this reference.

70. At all times relevant to this action, Defendant was Plaintiff's and other similarly situated employees' employer within the meaning of the Fair Labor Standards Act.

71. Defendant regularly engaged in interstate commerce and has annual revenues exceeding $500,000.00 per annum.

72. Throughout the three years preceding the filing of Plaintiff's Complaint,

Defendant failed to pay Plaintiff and other similarly situated Tipped Employees all earned tips.

73. Instead, Defendant applied a mandatory tip pooling and tip confiscation policy as set forth above which deprived Tipped Employees of lawfully earned tips in violation of the Fair Labor Standards Act.

74. At all times relevant to this Complaint, Defendant was not entitled to confiscate and misappropriate portions of Plaintiff's and putative class members tips because Defendant's supervising employees were management, were not and are not regularly and customarily tipped, and/or are not direct service providers to customers, and did not lawfully earn a share of said tips.

75. By subjecting the Plaintiff and other similarly situated Tipped Employee's to the Defendant's tip pool or tip share, Defendant unlawfully withheld, deprived, or confiscated tips belonging to the Plaintiff and others similarly situated Tipped Employees.

76. Defendant violated the FLSA to which protections and benefits Plaintiff and those similarly situated were and are entitled and instead maintained a tip pool and tip confiscation policy that is not authorized by and in violation of the Fair Labor Standards Act.

77. Defendant violated and continues to violate the provisions of 29 U.S.C. § 203(m), *et seq.*

78. Defendant violated and continues to violate the provisions of 29 C.F.R. § 531.52 and 531.54, *et seq.*

79. By forcing Plaintiff to give up a percentage or portion of her tips to management and Non-Tipped Employees, Defendant has ignored and violated the provisions of 29 C.F.R. § 531.52 and § 531.54, and unlawfully deprived Plaintiff of earned employment wages, and/or tips to Plaintiff's individual and collective detriment.

80. Defendant's conduct as described herein above was willful and undertaken with the intent and design to deprive Plaintiff and other similarly situated Tipped Employees of their property.

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

81. Plaintiff and other similarly situated Tipped Employees have been damaged by Defendant's conduct in an amount representing the difference between the Tipped Employees' earned tips that should have been retained by Plaintiff, and those similarly situated and the amount actually received after the unlawful tip pooling and tip confiscation practices of Defendant were implemented, all in an amount according to proof at trial.

82. Plaintiff and other similarly situated Tipped Employees are also entitled to liquidated damages equal to the amount of wages and tips unlawfully withheld by Defendant, together with their reasonable attorneys' fees and costs of suit, pursuant to 29 U.S.C. § 216(b).

83. Defendant engaged in the aforesaid conduct willfully and with the intent to abuse its authority and economic power over Plaintiff and other similarly situated Tipped Employees by taking advantage of their need for continued employment to force their acquiescence to an unlawful tip pooling and tip sharing policy.

84. Defendant's aforesaid conduct was malicious, oppressive, and undertaken in reckless disregard of the rights of Plaintiff and other similarly situated Tipped Employees under the Fair Labor Standards Act. Therefore, Plaintiff and other similarly situated Tipped Employees are entitled to an award of punitive damages in an amount according to proof at trial.

**SECOND CLAIM FOR RELIEF**
**CONVERSION**

85. Plaintiff re-alleges and incorporates by this reference each and every preceding allegation in this Complaint, as if the same were fully set forth herein.

86. The tips that customers leave for Plaintiff and the members of the Class are Plaintiff's and the Class members' property.

87. Plaintiff and the members of the Class have, and at all relevant times had, ownership rights and the right to possess such tips.

88. Defendant retained tips and/or wages/monies belonging to Plaintiff and the



GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

Class members as described above, and thereby wrongfully exercised dominion and control over said tips, to the exclusion of the rights of Plaintiff and the members of their Class.

89. As a direct and proximate result of Defendant's wrongful exercise of dominion and control over the aforesaid tips, Plaintiff and the members of the Class have suffered damage in an amount according to proof at trial.

90. Defendant engaged in the aforesaid conduct willfully and with the intent to abuse its authority and economic power over Plaintiff and other similarly situated Tipped Employees by taking advantage of their need for continued employment to force their acquiescence to an unlawful tip pooling and tip sharing policy.

91. Defendant's aforesaid conduct was malicious, oppressive, and undertaken in reckless disregard of the rights of Plaintiff and other similarly situated Tipped Employees under the Fair Labor Standards Act, Code of Federal Regulations, Statutes, Common Law, and/or Nevada State law.

92. Therefore, Plaintiff and other similarly situated Tipped Employees are entitled to an award of punitive damages in an amount according to proof at trial.

## THIRD CLAIM FOR RELIEF
## UNJUST ENRICHMENT

93. Plaintiff re-alleges and incorporates by this reference each and every preceding allegation in this Complaint, as if the same were fully set forth herein.

94. Plaintiff and the members of the NRCP 23 class conferred a benefit upon Defendant, and gave the benefit with Defendant's knowledge, by giving service to Defendant's customers, causing those customers to leave tips for Plaintiff and the members of the NRCP 23 Class.

95. Plaintiff and the putative members of the NRCP 23 class conferred a benefit upon Defendant, and gave the benefit with Defendant's knowledge, by creating repeat business and good will for Defendant.

96. Retention of the tips by Defendant is unjust under the circumstances.

97. As a direct and proximate result of Defendant's unjust retention of the aforesaid tips, Plaintiff and the putative members of their NRCP 23 Class suffered damage in an amount equating to the amounts unlawfully taken from Plaintiff and the Class and according to proof at trial.

**FOURTH CLAIM FOR RELIEF**
**TORTIOUS DISCHARGE**
**(On behalf of Plaintiff individually)**

98. Plaintiff re-alleges and incorporates by this reference each and every preceding allegation in this Complaint, as if the same were fully set forth herein.

99. Defendant constructively discharged Plaintiff for reasons which violate public policy including, but not limited to, Nevada's public policy against terminating an employee for opposing an unlawful tip-confiscation policy and Nevada's public policy against terminating an employee for engaging in protected activities.

100. As a proximate result of Defendant's tortious constructive discharge of Plaintiff, Defendant has suffered general, special, and consequential damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

101. The acts and/or omissions of Defendant was fraudulent, malicious, or oppressive under NRS § 42.005.

102. Pursuant to NRS § 42.005, Plaintiff is entitled to an award of punitive damages in excess of Fifteen Thousand Dollars ($15,000.00).

103. It was necessary for Plaintiff to retain the services of an attorney to file this action, which entitles Plaintiff to an award of reasonable attorney's fees and costs in this suit.

**FIFTH CLAIM FOR RELIEF**
**FLSA RETALIATION**
**(On behalf of Plaintiff individually)**

104. Plaintiff re-alleges and incorporates by this reference each and every preceding allegation in this Complaint, as if the same were fully set forth herein.

105. Pursuant to 29 U.S.C. § 215(a)(3) it is a violation of the Fair Labor Standards Act for any person to discharge or to discriminate in any other manner or to

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

retaliate against any employee who has filed a complaint or caused to be instituted any proceeding under the Fair Labor Standards Act.

106. Pursuant to 29 U.S.C. § 216(b) any employer who violates the provisions of 29 U.S.C. § 215(a) (3) shall be subjected to such legal and equitable relief as appropriate.

107. As detailed above, Defendant retaliated against Plaintiff after she opposed an unlawful tip-confiscation policy.

108. Defendant's termination of Plaintiff was in retaliation against Plaintiff for making such complaint, in violation of 29 U.S.C. § 215 (a) (3).

109. Plaintiff, has been injured by the Defendant's violations of 29 U.S.C. § 215(a)(3).

110. As a direct proximate result of Defendant's constructive discharge of Plaintiff, Plaintiff has suffered general, special, and consequential damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

111. Defendant's acts and/or omissions were fraudulent, malicious, and/or oppressive under NRS § 42.005 and as such Plaintiff is entitled to an award of punitive damages.

112. It was necessary for Plaintiff to retain the services of an attorney to file this action which entitles Plaintiff to an award of reasonable attorneys' fees and costs in this suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all other similarly situated employees pray for judgment against Defendant as follows:

1. For damages in excess of $15,000.00;
2. For compensatory damages equal to the full amount of tips unlawfully withheld from Plaintiff and all other similarly situated employees, but according to proof at trial;
3. For liquidated damages in a sum equal to compensatory damages,

pursuant to 29 U.S.C. § 216(b);

4. For return of the amounts unlawfully taken from the tips earned by Plaintiff and all other similarly situated employees;

5. For an award of punitive damages according to proof at trial;

6. For compensatory damages, according to proof at trial;

7. Restitution in an amount according to proof at trial;

8. For an order certifying this action as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

9. For an order certifying this action as a class action pursuant to Rule 23 of the Nevada Rules of Civil Procedure;

10. For an order appointing Plaintiff as the Representative of the Class and her counsel as Class Counsel;

11. For pre-judgment and post-judgment interest at their respective maximum legal rates;

12. For attorneys' fees and costs to the extent permitted by law, statute, contract, or in equity; and,

13. For any other or additional relief that the Court deems to be just and proper.

DATED: August 14, 2023

Respectfully submitted,

GABROY | MESSER

By: /s/ Christian Gabroy
Christian Gabroy
(#8805)
Kaine Messer
(#14240)
170 South Green Valley Parkway
Suite 280
Henderson, Nevada 89012
Tel: (702) 259-7777
Fax: (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com
*Attorneys for Plaintiff*

GABROY | MESSER
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

# EXHIBIT I

# CONSENT TO JOINDER

BY SIGNING BELOW, SUCH INDIVIDUAL CONSENTS TO JOIN THIS CASE AS A PLAINTIFF PURSUANT TO 29 U.S.C. § 216(b).

Danielle Decollibus

Signature

Danielle Decollibus

Printed Name

08 / 14 / 2023

Date