UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIELLE DECOLLIBUS, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br>v.<br><br>RUBUS MANAGEMENT, LLC; EMPLOYEE(S)/AGENT(S) DOES 1-10; and ROE CORPORATIONS 11-20, inclusive,<br><br>          Defendants. | Case No. 2:23-cv-01552-ART-EJY<br><br>ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br>(ECF No. 21) |

Before the Court is Plaintiff Danielle Decollibus's motion for default judgment against Defendant Rubus Management, LLC under Fed. R. Civ. P. 55(b). (ECF No. 21.)

For the following reasons, the Court grants in part and denies in part Plaintiff's motion for default judgment. The Court grants default judgment for Plaintiff and against Defendant as to Plaintiff's claim for violation of 29 U.S.C. § 203 *et seq.* and declines to grant default judgment as to Plaintiff's other claims.[1]

**I.    Background**

Plaintiff originally filed the instant case in the Eighth Judicial District Court in Clark County, Nevada, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203 *et seq.*, conversion, unjust enrichment, tortious discharge, and FLSA retaliation. It was removed by Defendant to this Court on September 9, 2023. (ECF No. 1.) On February 14, 2024, Magistrate Judge Elayna J. Youchah granted Counsel for Defendant's motion to withdraw. (ECF No. 18.)

---

[1] This action was originally filed by Plaintiff on behalf of herself and others similarly situated as a collective and class action complaint pursuant to 29 U.S.C. § 216(b) and Nev. R. Civ. P. 23. Because this action was never certified as a collective or class action under either rule, the Court's entry of default judgment pertains to Plaintiff's claims on behalf of herself only.

1

After no new appearance of counsel was entered for Defendant, the Court ordered Defendant's counsel to enter an appearance by August 23, 2024. (ECF No. 18.) In this order, the Court warned Defendant that corporations must appear in court through an attorney, and that an action against an unrepresented corporate defendant can result in the entry of default judgment for failure to defend under LR 77-1(b)(2). (*Id.*) Counsel for Defendant again failed to enter an appearance, and the Court directed the Clerk to enter default against Defendant and granted Plaintiff leave to seek default judgment against Defendant. (ECF No. 19.) Plaintiff then filed the instant motion for default judgment. (ECF No. 21.) Defendant did not file a response.

## II.   Legal Standard for Default Judgment

Pursuant to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend … the clerk must enter the party's default." Under Fed. R. Civ. P. 55(b), after default has been entered, a party seeking relief other than a sum certain must apply to the Court for a default judgment. Here, default was entered on August 30, 2024 (ECF No. 20) and Plaintiff subsequently filed the instant motion seeking default judgment.

In deciding whether to grant default judgment, the Court considers a range of factors, including "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986)). "Upon default, the factual allegations in the complaint are taken as true, except those related to the amount of damages." *Osgood v. Main Streat Mktg., LLC*, No. 16CV2415-GPC(BGS), 2018 WL 11408584, at *2 (S.D. Cal. Mar. 21, 2018) (citing *Geddes v.*

1 *United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

### III. Analysis

#### 1. Possibility of Prejudice to Plaintiff

Plaintiff argues that denial of the request for default judgment will "effectively immunize Defendants from liability and leave Plaintiff without redress." (quoting *Osgood*, 2018 WL 11408584, at *2). The Court agrees. As Defendant has failed to enter an appearance of counsel and defend this action, a default judgment is the only means available to compensate Plaintiff for the alleged violations. *See Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1081 (C.D. Cal. 2012); *Amini Innovation Corp. v. KTY Intern. Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011).

#### 2. Merits of Plaintiff's Substantive Claim and Sufficiency of Complaint

"Under the second and third *Eitel* factors the Court must examine whether the Plaintiff has plead facts sufficient to establish and succeed upon its claims." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1055 (N.D. Cal. 2010) (citing *Eitel*, 782 F.2d at 1471). "'When reviewing a motion for default judgment, the Court must accept the well-pleaded allegations of the complaint relating to liability as true.'" *Amini Innovation Corp. v. KTY Intern. Mktg.*, 768 F. Supp. 2d 1049, 1053 (C.D. Cal. 2011) (citing *TeleVideo Systems Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir.1987)). However, facts which are not well-plead or conclusions of law are not deemed admitted, and do not support an entry of default judgment. *Wecosign*, 845 F. Supp. 2d at 1078 (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir.1978)).

Plaintiff's motion for default judgment only seeks damages for her FLSA claims: violation of 29 U.S.C. § 203 and retaliation. As such, the Court analyzes only the sufficiency of these claims.

##### a) Illegal Tip Pooling in Violation of 29 U.S.C. § 203 *et seq.*

29 U.S.C. § 203(m)(2)(B) states: "An employer may not keep tips received

by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

Plaintiff alleges in her complaint that she was employed by Defendant within the meaning of the FLSA; that Defendant regularly engaged in interstate commerce and had annual revenues exceeding $500,000 annually; that she and other "crew members" regularly received tips from customers independent of hourly wages paid by Defendant; that Defendant required these "Tipped Employees" to pool a portion of their tips, which were shared with management employees; that management employee's duties consisted of managing the enterprise, they regularly directed the work of at least two or more other full-time employees or equivalent, and regularly directed, managed, and/or supervised the work of crew members, and their suggestions and recommendations as to hiring and firing of employees was given particular weight by Defendant. (ECF No. 1-3 at 3-4; 6; 10-11.)

Accepting these allegations as true, Plaintiff has plead that Defendant is a covered enterprise under the FLSA under 29 U.S.C. § 203(s), that she was an employee of Defendant within the meaning of the FLSA under 29 U.S.C. § 203(e)(1) who regularly received tips for providing services to customers, and that Defendant violated 29 U.S.C. § 203(m)(2)(B) of the FLSA by keeping tips received by her and other Tipped Employees and sharing these with management employees as defined by 29 C.F.R. § 541.100. Plaintiff has therefore plead facts sufficient to establish a claim for a violation of 29 U.S.C. § 203(m)(2)(B).

**b) FLSA Retaliation**

Under 29 U.S.C. § 215(a)(3), an employer violates the FLSA if they discharge an employee who has engaged in protected activity. "To state a claim of retaliation, a plaintiff must show 1) that he engaged in a protected activity; 2) that he then suffered an adverse employment action; and 3) that there is a causal

4

link between the protected activity and the adverse employment action." *Roces v. Reno Hous. Auth.*, 300 F. Supp. 3d 1172, 1205 (D. Nev. 2018) (Citing *Payne v. Norwest Corp.*, 113 F.3d 1079, 1080 (9th Cir. 1997); see also *Singh v. Jutla & C.D. & R's Oil, Inc.*, 214 F. Supp. 2d 1056, 1059 (N.D. Cal. 2002).

Plaintiff's complaint states in different sections that Plaintiff was "terminated" and "constructive[ly] discharge[d]" by Defendant. (ECF No. 1-3 at 14-15.) The complaint further states that Defendant "retaliated against Plaintiff after she opposed an unlawful tip policy" via termination/constructive discharge. (*Id.* at 15.) While the complaint states these legal conclusions, the complaint does not state any facts as to when or how Plaintiff opposed the tip policy, or when or how Plaintiff was either terminated or constructively discharged. While Plaintiff's complaint might be sufficient to plead the second element, (2) that she suffered an adverse action via either termination or constructive discharge, there are no facts plead from which the Court could reasonably infer the first or third elements, (1) that she engaged in a protected activity by opposing an unlawful tip policy, or that (3) Plaintiff was terminated or constructively discharged because of her protected activity.

An employee has engaged in protected activity under § 215(a)(3) if they have "filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter…" 29 U.S.C. § 215(a)(3). This can include both oral and written complaints, as well as complaints by an employee to an employer regarding an FLSA violation. *Kasten v. St.-Gobain Performance Plastics Corp.*, 563 U.S. 1 (2011); *Lambert v. Ackerley*, 180 F.3d 997, 1007-1008 (9th Cir. 1999). Plaintiff here does not plead any facts as to how she opposed the unlawful tip policy. It is therefore not possible for the Court to draw any inference that her opposition amounted to protected activity within the meaning of § 215(a)(3).

To sufficiently plead causation, a plaintiff must plead facts from which a court can draw a reasonable inference that the protected activity was the likely

5

cause of the adverse action. *Pratt v. Hawai'i, Dept. of Pub. Safety*, 308 F. Supp. 3d 1131, 1146 (D. Haw. 2018) (citing *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982)). A causal link "may be inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory [activity].'" *Siring v. Oregon State Bd. of Higher Educ. ex rel. E. Oregon U.*, 927 F. Supp. 2d 1030, 1063 (D. Or. 2012) (quoting *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987)). Because Plaintiff has stated no facts in her complaint as to how or when she opposed the tip policy, or how or when she was terminated or constructively discharged, there are no facts regarding knowledge or temporal proximity from which causation could be inferred. *See Mayes v. Kaiser Found. Hosps.*, 917 F. Supp. 2d 1074, 1080 (E.D. Cal. 2013) (finding pleadings insufficient to allege knowledge against all defendants); *Reardon v. Herring*, 191 F. Supp. 3d 529, 552 (E.D. Va. 2016) (finding pleadings insufficient to allege temporal causation when plaintiff pleaded only a vague timeframe).

The Court finds that Plaintiff's complaint does not sufficiently allege a claim for FLSA retaliation and therefore declines to enter default judgment in favor of Plaintiff as to this claim.

**3. Sum at Stake**

"The fourth *Eitel* factor examines the amount of money at stake in relation to the seriousness of a defendant's conduct." *Craigslist*, 694 F. Supp. 2d at 1060 (citing *Eitel*, 782 F.2d at 1471). Here, Plaintiff seeks total damages of $19,9912.36, plus $2090.79 in pre-judgment interest, $3,025.00 in attorneys' fees, and $616.90 in costs for a total judgment of $25,645.05. As discussed below, the Court awards Plaintiff a much smaller amount than Plaintiff seeks, as the Court finds Plaintiff's retaliation claim insufficiently plead. Plaintiff has sufficiently alleged that Defendant violated 29 U.S.C. § 203, which means that Plaintiff is entitled to damages as provided for by the FLSA under 29 U.S.C. §

216(b). Plaintiff has submitted factual support via an affidavit as the basis for the amount sought as to this claim. This factor supports default judgment.

### 4. Possibility of Dispute Concerning Material Facts

"Where a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is remote." *Wecosign*, 845 F. Supp. 2d at 1082. Plaintiff has sufficiently plead allegations which support a cause of action for a violation of 29 U.S.C. § 203. Defendant has not appeared in this action since defense counsel withdrew. Accordingly, this factor supports an entry of default judgment. *See e.g. Osgood*, 2018 WL 11408584, at *5 (finding this factor supported summary judgment where defendants had filed a motion to dismiss before counsel withdrew, and had not entered any appearance since.)

### 5. Excusable Neglect by Defendant

The sixth *Eitel* factor "favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit." *Wecosign.*, 845 F. Supp. 2d at 1082. In this case, Defendant removed this case from state court, and filed a motion to dismiss prior to the withdrawal of defense counsel. After defense counsel withdrew, this Court stayed discovery for 30 days to allow Defendant to retain new counsel, and issued a subsequent order warning Defendant that they could be subject to an entry of default for failure to defend if they did not enter an appearance of counsel. (ECF Nos. 17; 19.) Defendant was clearly aware of the action and failed to enter an appearance of counsel after their counsel's withdrawal. This failure to defend is very unlikely to be based on excusable neglect, and this factor therefore weighs in favor of default judgment.

### 6. Policy

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, here Defendant's failure to appear through counsel despite repeated orders from this Court "makes a decision on the merits

7

1  impractical, if not impossible." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp.
2  2d 1172, 1177 (C.D. Cal. 2002). While this factor weighs against entering default
3  judgment, it does not preclude the Court from granting default judgment. *Id*. As
4  is here, where a defendant's failure to appear makes a decision on the merits
5  impossible, default judgment is appropriate. *See Craigslist*, 694 F. Supp. 2d at
6  1061.

### IV.  DAMAGES AND ATTORNEYS' FEES

#### A. Damages

As the Court finds that default judgment is appropriate as to Plaintiff's claim under 29 U.S.C. § 203, Plaintiff is entitled to damages for this claim. However, as the Court declines to enter default judgment as to Plaintiff's retaliation claim, the Court will not award any damages as to that claim.

A party seeking default judgment must prove all damages sought in the complaint. *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1046 (N.D. Cal. 2010). Under Fed. R. Civ. P. 55, a court is not required to hold a hearing regarding damages "the court ensures that there is an evidentiary basis for the damages awarded in the default judgment order." *Solano v. Preciado*, No. 3:23-CV-01178-IM, 2024 WL 3219127, at *3 (D. Or. June 28, 2024) (citing *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991), *abrogated on other grounds as recognized by Day Spring Enters., Inc. v. LMC Int'l, Inc.*, No. 98-CV-0658A( ), 2004 WL 2191568 (W.D.N.Y. Sept. 24, 2004)). The Court finds that Plaintiff's declaration submitted with the motion for default judgment provides sufficient evidentiary basis to assess damages. (ECF No. 21-1.)

29 U.S.C. § 216(b) provides that "Any employer who violates section 203(m)(2)(B) shall be liable to the employee or employees affected in the amount of… all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages." Under 29 U.S.C.A. § 260, a court need not award liquidated damages if the employer "acted in subjective good faith and had

objectively reasonable grounds for believing that the acts or omissions giving rise to the failure did not violate the FLSA." *Alvare257.28z v. IBP, Inc.*, 339 F.3d 894, 909 (9th Cir. 2003), *aff'd*, 546 U.S. 21 (2005). Here, because Defendant has failed to enter an appearance of counsel as of February 14, 2024, "this Court has no way of deciding whether [Defendant] can establish this defense," and finds it appropriate to award liquidated damages. *Solano*, --- F.Supp.3d ---, 2024 WL 3219127, at *4.

Plaintiff's affidavit states that based on her employment records as maintained by Defendant, she estimates that Defendant unlawfully confiscated from her $128.74 in tips. (ECF No. 21-1 at 3.) Her damages under 29 U.S.C. § 216(b), including liquidated damages, would therefore be twice that amount, at $257.28. Under NRS 17.130(2), Plaintiff would also be entitled to pre-judgment interest in the amount of $35.53.[2] The Court therefore awards Plaintiff $292.81 in total damages for this claim.

**B. Attorneys' Fees and Costs**

29 U.S.C. § 216(b) provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." In the Ninth Circuit, reasonable attorney's fees are calculated using the "lodestar" method by "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Ferland v. Conrad Credit Corp.*, 244

---

[2] Under NRS 17.130(2), a prevailing party is entitled to prejudgment interest from the time of service of the summons and complaint until the entry of judgment, at the prime interest rate at the time of judgment, plus two percent. NRS 17.130(2); *Schiff v. Winchell*, 237 P.3d 99, 101 (Nev. 2010) ("'until satisfied' in NRS 17.130(2) occurs upon the entry of the judgment in the district court."). Defendant states they were served with the complaint on August 30, 2023, and Judgment is entered according to this order on January 14, 2025. The prime interest rate on January 1, 2025 was 8.0%; therefore Plaintiff is entitled to prejudgment interest from August 30, 2023, until January 14, 2025, at a rate of 10.0%. *See* https://fid.nv.gov/Resources/Fees_and_Prime_Interest_Rate/.

F.3d 1145, 1149 n. 4 (9th Cir. 2001) (quoting *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996), *opinion amended on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997)). In determining a reasonable hourly rate, a court looks to the prevailing market rates in the relevant community – the forum where the district court sits. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The relevant community here is the District of Nevada.

Plaintiff requests attorneys' fees in the amount of $3,025.00 and costs in the amount of $616.90, for the hours incurred on Plaintiff's motion for default only. According to the declarations submitted by counsel, two partners incurred a total of 4.5 hours working on the motion for default judgment. (ECF No. 21-2 at 6.) Christian Gabroy, an attorney with 21 years of experience spent one hour at a proposed rate of $750 per hour, and Kaine Messer, an attorney with 10 years of experience, spent 3.5 hours at a proposed rate of $650 per hour. (*Id.*)

While the Court finds that the amount of time spent on the motion for default – 4.5 hours – is reasonable, the Court finds that the rates proffered by Counsel are higher than what other Courts in this district have recently deemed reasonable rates for experienced litigators. *See Smith & Wesson Brands, Inc. v. SW N.A., Inc.*, No. 222CV01773JCMEJY, 2023 WL 7279950, at *3 (D. Nev. Nov. 3, 2023) (finding that attorney's proposed rates of $675 and $607 "exceed the upper threshold for the Las Vegas market ($450-$550)," and awarding attorneys with 25 and 15 years of experience at a rate of $550 and $495, respectively); *see also Doe v. Burns*, No. 2:22-CV-0476-GMN-VCF, 2023 WL 2020961, at *3 (D. Nev. Feb. 14, 2023) (finding that although Plaintiff's counsel had over two decades of experience, "[t]here is ample case law establishing that the upper range of the prevailing rates in this District is $450 for partners...." (internal quotation marks omitted)).

However, as Plaintiff's counsel seeks only fees related to the motion for default judgment and not for any prior hours incurred in this case, the Court

finds that a slightly higher hourly rate than the rates usually awarded in this district is reasonable. *BBK Tobacco & Foods, LLP, Pl., v. AIMS Group USA Corp., et al.*, No. 2:22-CV-01648-GMN-BNW, 2024 WL 5078126, at *16 (D. Nev. Nov. 25, 2024), *report and recommendation adopted sub nom. BBK TOBACCO & FOODS, LLP, Pl., v. AIMS GROUP USA CORPORATION, et. al.*, No. 2:22-CV-01648-GMN-BNW, 2024 WL 5077346 (D. Nev. Dec. 11, 2024). The Court will grant Plaintiff's request for attorney's fees at a rate of $650 for Christian Gabroy and $550 for Kaine Messer, for a total of $2,575.

Additionally, the Court finds costs of $616.90, based upon the attached exhibits detailing costs expended in this case, to be reasonable, and will award costs of $616.475. (ECF Nos. 21-2; 21-4.)

**V.    CONCLUSION**

It is therefore ordered that Plaintiff's motion for default judgment (ECF No. 21) is GRANTED IN PART.

It is further ordered that judgment is entered for Plaintiff and against Defendant as to Plaintiff's claim under 29 U.S.C. § 203, in the amount of $292.81.

It is further ordered that the Court declines to enter judgment as to Plaintiff's other claims for conversion, unjust enrichment, tortious discharge, and retaliation.

It is further ordered that the Court awards Plaintiff attorneys' fees of $2,575 and costs of $616.90, for a total of $3,191.90.

It is further ordered that JUDGMENT SHALL BE ENTERED in accordance with this order and that the Clerk of the Court is instructed to CLOSE this case.

Dated this 14th day of January, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

11